IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBERT GOLDSTEIN,<br><br>    Plaintiff,<br><br>vs.<br><br>CAROL LYNN MARTIN,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DISMISSING CASE FOR LACK OF JURISDICTION<br><br><br><br>Case No. 2:07-CV-818 TS |

This matter is before the Court on Plaintiff's motions to move this case to Washington, D.C.,[1] to dismiss this case[2], for a refund of the filing fee,[3] and to combine charges.[4]

Plaintiff filed this action on November 5, 2007, sought to immediately move venue to Washington D.C., then, on November 8, 2007, sought to dismiss the case and receive a refund of the filing fee. However, on December 3, 2007, he filed a further Motion

---

[1] Docket No. 5.

[2] Docket No. 7.

[3] *Id.*

[4] Docket No. 8.

1

requesting that the case go forward and be combined with additional complaints against additional Defendants. Those proposed complaints have not yet been filed, but are submitted as exhibits to his Motion to Combine Charges.[5]

Plaintiff's Motion to Dismiss seeks to dismiss his Complaint acknowledging that it is baseless.[6] Although he now apparently seeks to go forward, the Court will grant the Motion to Dismiss for the reason that the Complaint and the proposed additional complaints all fail to allege any facts to establish federal question jurisdiction and fail to state any claim upon which relief can be granted.

The basis of the complaint is "mental abuse." In his case cover sheet Plaintiff marked the boxes labeled "personal injury" and "federal question." He did not mark the box indicating the citizenship of the Defendant, but lists Defendant's address in another state. In his Complaint, Plaintiff cites 42 U.S.C. § 2000e-5(f)(1), which provides civil actions for employment discrimination under Title VII or the ADA may be filed within a limited time period following exhaustion of administrative remedies. Plaintiff previously applied for and was denied authority to proceed IFP,[7] for the failure to provide adequate information.[8]

Because Plaintiff is proceeding pro se, the Court construes his pleadings and filings liberally.[9] Construed liberally, the Complaint and the proposed additional complaints all

---

[5]*Id*., Exhibit Nos. A through L.

[6]Docket No. 7, at 1.

[7]Because IFP was denied, the Court is not proceeding under 28 U.S.C. § 1915.

[8]Docket No. 2.

[9]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

utterly fail to state a basis for federal question jurisdiction. They fail to allege even one of the elements of a claim under Title VII and the ADA and fail to establish any attempt to exhaust remedies.  There are no allegations that could support a § 1983 claim.  None of the Plaintiff's allegations form any basis for federal jurisdiction. As was the situation in the case *Elliott v. Chrysler Financial*:[10] "Although we construe [Plaintiff's] pro se pleadings liberally and apply a less stringent standard than we would to pleadings filed by lawyers, we 'will not supply additional factual allegations to round out [his] complaint or construct a legal theory on [his] behalf.'"[11]

Further, the allegations of the Complaint and proposed complaints attached as exhibits are largely incomprehensible. Those allegations that are comprehensible are fantastic and delusional.  Therefore amendment would be futile.  Lacking jurisdiction, this Court cannot proceed and has no ability to grant Plaintiff any relief.  There is no basis to refund the filing fee.  It is therefore

ORDERED that Plaintiff's Motion to Dismiss (Docket No. 5) is GRANTED and this case is DISMISSED FOR LACK OF JURISDICTION.  It is further

---

[10] 124 Fed. Appx. 610 (10th Cir. 2005).

[11] *Id*. at 611 (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (affirming trial court's sua sponte dismissal of complaint for failure to state a claim and for want of jurisdiction).

ORDERED that Plaintiff's Motion to Refund Filing Fee (Docket No. 7) is DENIED.

DATED   December 10, 2007

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge